DELBELLO DONNELLAN WEINGARTEN  
WISE & WIEDERKEHR, LLP  
*Attorneys for the Debtor*  
One North Lexington Avenue  
White Plains, New York 10601  
(914) 681-0200  
Jonathan S. Pasternak, Esq.  
Julie Cvek Curley, Esq.  

*Hearing Date: January 13, 2016*  
*Hearing Time: 2:00 p.m.*

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-------------------------------------------------------X  
In re:

NISTHAUZ GROUP, INC.

        Debtor.  
-------------------------------------------------------X

Chapter 11  
Case No. 15-42231 (CEG)

## DEBTOR'S OPPOSITION TO THE MOTION OF 99 CORONA FUNDING ASSOCIATES SEEKING TO CONVERT THE CASE FROM CHAPTER 11 TO CHAPTER 7

**TO: HONORABLE CARLA E. CRAIG,**  
     **CHIEF UNITED STATES BANKRUPTCY JUDGE**

    Nisthauz Group, Inc., the above-captioned debtor and debtor-in-possession ("Debtor"), by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, file this objection ("Objection") to the motion ("Motion") of 99 Corona Funding Associates ("99 Corona") seeking convert of the Debtor's case to a Chapter 7 case under title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). In support of its Objection, the Debtor respectfully sets forth and alleges as follows:

### PRELIMINARY STATEMENT

    1.    The Debtor has just yesterday finally obtained a commitment letter for a refinance on its property in the amount of $1 million, which is more than enough money to satisfy the

entire claim of 99 Corona and pay all of the Debtor's outstanding debts, which total approximately $880,000. Alternatively, a conversion of the case to chapter 7 would result in delay of payment to the creditors, will not maximize the value of the Property, and would result in an unnecessary layer of expenses to the Debtor's estate. Allowing the Debtor to dismiss its case and immediately proceed with the refinance is in the best interests of the Debtor's creditors and its estate.

### BACKGROUND

2.   The Debtor is a "single asset real estate" debtor as defined in §101(51B) of the Bankruptcy Code and owns the parcel of real estate located at 40-23 99th Street, Corona, New York 11368 (the "Property"). The Debtor believes that the Property has a fair market value of $1.5 million. *See,* Debtor's Schedule A (Docket No. 11).

3.   The Debtor's creditor body is as follows:

Secured Claims
| | |
|---|---|
| 99 Corona Funding Associates (POC 4) | $223,725.64 |
| NYS Dept of Tax & Finance (POC 1) | $1,803.22 |
| NYC Dept of Finance (POC 2) | $137,260.09 |
| NYC Water Board (POC 3) | $147,308.13 |
| Lance E. Kuba (POC 5) | $46,346.53 |
| NYC DEP (POC 8) | $323,570.72 |
| **Total:** | **$880,014.33** |

Priority Claims
| | |
|---|---|
| NYS Dept of Tax & Finance (POC 1) | $5,687.36 |
| Internal Revenue Service (POC 6) | $2,000.00 |
| **Total:** | **$7,687.36** |

Nonpriority Unsecured Claims
| | |
|---|---|
| NYS Dept of Tax & Finance (POC 1) | $1,187.49 |
| Internal Revenue Service (POC 6) | $1,000.00 |
| NYC OATH (POC 7) | $3,973.31 |
| **Total:** | **$6,160.80** |

| | |
|---|---|
| **Total Claims:** | **$893,862.49** |

4.  Based upon the fair market value of the Property and the creditor body, there is a minimum 60% debt to value ratio, leaving sufficient equity in the Property to pay all of the creditors.

5.  On January 7, 2016, the Debtor received a commitment letter from Riverdale Funding, LLC in the amount of $1,000,000 on a refinance of the Property. A redacted copy of the fully executed commitment letter is annexed hereto as **Exhibit A.**

6.  The $1,000,000 commitment is sufficient to pay **all** of the Debtor's creditors. The Debtor expects to close the transaction within thirty (30) days. The Debtor's principal, Jorge Nisthauz, has pledged his own personal assets, including real property owned by Mr. Nisthauz in Ohio, to ensure that this refinance goes through.

7.  99 Corona's secured claim is a mere 15% of the value of the Property, and it is subordinate in priority to the secured tax claims of the NYC DEP, NYC Dept. of Finance, and NYC Water Board. 99 Corona's efforts to convert this case, which would delay the distribution to the Debtor's creditors, is not in the best interests of the Debtor's creditors and estate, and is prejudicial to the other secured creditors, which are superior in priority to 99 Corona.

8.  Alternatively, the Debtor respectfully requests that its Chapter 11 case be dismissed so that the refinance can be completed and **all** of the creditors paid in full in the expeditious manner possible.

**WHEREFORE,** for the foregoing reasons, the Debtor respectfully requests that the Motion be denied in its entirety, and that the Debtor's chapter 11 case be dismissed so that it may completed the refinance of the Property and pay all of the creditors in full, together with such

other and further relief as seems just, proper and equitable.

Dated: White Plains, New York
January 8, 2016

                    Respectfully submitted,

                    DELBELLO DONNELLAN WEINGARTEN
                    WISE & WIEDERKEHR, LLP
                    *Attorneys for the Debtor*
                    One North Lexington Avenue, 11th Floor
                    White Plains, New York 10601
                    (914) 681-0200

                    By: */s/ Jonathan S. Pasternak*
                        Jonathan S. Pasternak
                        Julie Cvek Curley