**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NISTHAUZ GROUP, INC., | Case No. 15-42231 (CEC) |
| *Debtor-in-Possession*. |  |

**STIPULATION AND ORDER WITH RESPECT TO THE COURT'S RULING ON MOTION**
**OF 99 CORONA FUNDING ASSOCIATES BANK PURSUANT TO**
**SECTION 1112(b) OF THE BANKRUPTCY CODE TO CONVERT CASE**

**WHEREAS**, the above-captioned debtor (the "Debtor") filed an voluntary chapter 11 case on May 14, 2015 (the "Petition Date"); and

**WHEREAS**, on December 7, 2015, 99 Corona Funding Associates ("Corona") filed a motion to convert or dismiss this chapter 11 (the "Motion"); and

**WHEREAS**, on January 8, 2016, the Debtor timely filed an objection to the Motion [Docket No. 35]; and; and

**WHEREAS**, on January 13, 2016, the Court held a hearing on the Motion and granted the Motion on the conditions set forth below;

**THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED PARTIES THAT:**

1. On or before February 4, 2016, the Debtor may file with the Court a letter or other communication from its proposed lender Riverside Funding, LLC under certification of counsel indicating that (i) all contingencies to closing have been waived or satisfied but for the dismissal of this case, and (ii) a closing is scheduled to occur not later than three business days after entry of an order dismissing this chapter 11 case.

2. If the Debtor timely files with the Court the communication referenced in paragraph 1 above, the Debtor shall submit for signature with no need or requirement for further notice (except as provided in paragraph 3 below) an order dismissing this chapter 11 case with prejudice for a period of 180 days following, and further providing that automatic stay is lifted pursuant to section 362(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") with respect to the real property known as 40-23 99 Street, Corona, New York 11368 [Block 1608, Lot 52], and further providing in substantially the following form:

> This Order granting relief from the automatic stay is entered pursuant to section 362(d)(4) of the Bankruptcy Code. If this Order is recorded in compliance with applicable State laws governing notices of interests or liens in real property, it shall be binding in any other case under the Bankruptcy Code purporting to affect the real property located at 40-23 99 Street, Corona, New York 11368 [Block 1608, Lot 52] filed not later than 2 years after the date of the entry of this Order by the Court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall and is hereby ORDERED to accept any certified copy of this Order for indexing and recording.

3. The Debtor shall no later than February 1, 2016 at 12:00 noon circulate for comment to Corona and the Office of the United States Trustee a draft of the proposed dismissal order described in paragraph 2 above.

4. If the Debtor fails to timely file with this Court the communication set forth in paragraph 1 above, Corona shall, on February 5, 2016 by 12:00 noon, submit for signature with no further notice required (except as provided in paragraph 5 below) an order converting this chapter 11 case to a case under chapter 7.

5. Corona shall no later than February 1, 2016 at 12:00 noon circulate for comment to Debtor and the Office of the United States Trustee a draft of the proposed conversion order described in paragraph 4 above.

6. All communications required by this Stipulation shall be only made by and on counsel for the respective parties.

7. The parties hereto represent and warrant to each other that (a) the signatories to this Stipulation are authorized to execute this Stipulation; (b) each party has full power and authority to enter into this Stipulation; and (c) this Stipulation is duly executed and delivered and constitutes a valid binding agreement in accordance with its terms.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, facsimiles or portable document format signed by the parties hereto to be charged.

9. The provisions of this Stipulation shall be binding upon the Parties' respective successors and assigns.

10. The Court shall retain jurisdiction over the subject matter of this Stipulation, including the interpretation thereof, to resolve all disputes relating thereto and to enforce the settlement set forth herein.

SIGNATURES TO FOLLOW ON NEXT PAGE.

Dated: New York, New York
January 14, 2016

| | |
|---|---|
| **DELBELLO DONNELLAN WEINGARTEN WISE & WIEDEKEHR, LLP**<br>*Attorneys for the Debtor*<br><br>By: _____<br>Jonathan S Pasternak<br>One North Lexington Avenue<br>White Plains, NY 10601<br>(914) 681-0200<br>Fax: (914) 684-0288<br>Email: jpasternak@ddw-law.com | **RAVERT PLLC**<br>*Attorneys for Corona Funding Associates*<br><br>By: _____<br>Gary O. Ravert<br>116 West 23 Street, Fifth Floor<br>New York, New York 10011<br>Tel: (646) 961-4770<br>Fax: (917) 677-5419<br>Email: gravert@ravertpllc.com |

**NISTHAUZ GROUP, INC.**

By: _____
Jorge Nisthauz, President

**SO ORDERED:**



Dated: Brooklyn, New York
January 21, 2016

_____
Carla E. Craig
**United States Bankruptcy Judge**